**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ROBERT ANTHONY SMITH, | :: | PRISONER CIVIL RIGHTS |
| Plaintiff, | :: | 42 U.S.C. § 1983 |
| | :: | |
| v. | :: | |
| | :: | |
| GREGORY DOZIER; et al., | :: | CIVIL ACTION NO. |
| Defendants. | :: | 1:18-CV-4995-ODE-RGV |

**FINAL REPORT AND RECOMMENDATION**

Plaintiff Robert Anthony Smith, presently confined in the Rogers State Prison in Reidsville, Georgia, has filed this pro se civil rights action alleging that he is "at risk of receiving serious damage to his physical health in the future" due to "dangerous" prison conditions, including asbestos in the ceiling, mold and mildew in the walls and light covers, rusty air vents, broken shower floor tiles with sharp edges, lack of "a tested fire evacuation plan or a properly tested fire and alarm system," only three working sinks for sixty inmates, and no hot water. [Doc. 1 ¶ IV]. Plaintiff also seeks leave to proceed in forma pauperis. [Doc. 2].

A prisoner may not bring a civil action in federal court in forma pauperis "if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it [was] frivolous, malicious, or fail[ed] to state a claim upon which relief

may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  Plaintiff has filed at least three prior cases while incarcerated that were dismissed for failure to state a claim.  See Smith v. Bryson, No. 1:16-CV-3115-ODE-RGV (N.D. Ga. Nov. 15, 2016); Smith v. McLaughlin, No. 1:11-CV-2883-MHS-RGV (N.D. Ga. Oct. 12, 2011); Smith v. Brown, No. 1:09-CV-2181-MHS (N.D. Ga. Aug. 19, 2009); Smith v. Walker, No. 1:95-CV-2792-MHS (N.D. Ga. Dec. 8, 1995); Smith v. Jarvis, No. 1:94-CV-2109-RHH (N.D. Ga. Sept. 28, 1994); Smith v. Sikes, No. 1:94-CV-1731-RHH (N.D. Ga. Aug. 8, 1994).  Thus, this action is barred by § 1915(g) unless plaintiff alleges specific facts to show that he is in imminent danger of serious physical injury.  See Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004) (general assertions are "insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury") (internal quotation marks omitted)).

Because plaintiff "does not identify any specific physical harm occurring to him from the [allegedly 'dangerous'] conditions" or show that those conditions "are either presently causing him, or will imminently cause him, serious physical injury," he fails to meet the imminent danger exception.  See Staffney v. Palmer, No. 1:17-cv-403,

2017 WL 1905865, at *2-3 (W.D. Mich. May 10, 2017) (finding that § 1915(g) prohibited action alleging "unsafe" prison conditions, including "that the facility is overcrowded; that his floor has no evacuation plan in the event of fire; that the ventilation is inadequate and the ventilation ducts are dirty; that the water is contaminated with lead, other toxic substances, or disease; that the water flow is inadequate; and that the prison has black mold, mildew, and mold-type fungi.," where plaintiff did not show that those conditions were either presently causing, or would imminently cause, him serious physical injury). Therefore, pursuant to § 1915(g), plaintiff cannot proceed in forma pauperis in this action.

When § 1915(g) bars a prisoner from proceeding in forma pauperis, "the proper procedure is . . . to dismiss the complaint without prejudice." Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam).  "The prisoner cannot simply pay the filing fee after being denied in forma pauperis status.  He must pay the filing fee at the time [s]he initiates the suit." Id.  Accordingly, it is **RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE**.

3

The Clerk is **DIRECTED** to terminate the referral to the assigned Magistrate

Judge.

**SO RECOMMENDED**, this 21st day of NOVEMBER, 2018.

RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

4